lee, elmer edward v. state 




 NO. 12-02-00310-CR


NO. 12-02-00311-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




RASHAAN GOLDEN,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 This appeal is being dismissed for want of jurisdiction. Appellant was convicted of the
offenses of injury to a child and abandoning a child. On November 1, 2001, punishment was
assessed at sixty years and twenty years of imprisonment, respectively. Appellant did not file a
motion for new trial. Texas Rule of Appellate Procedure 26.2 (1) provides that an appeal is perfected
when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in
open court unless a motion for new trial is timely filed. Where a timely motion for new trial has
been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or
suspended in open court. Id. Since Appellant did not file a motion for new trial, his notice of appeal
was due to have been filed on or before December 3, 2001. However, Appellant did not file his
notice of appeal until October 24, 2002. Moreover, Appellant did not file a timely motion for
extension of time to file his notice of appeal as authorized by Tex. R. App. P. 26.3. (2) 

 On December 2, 2002, this court notified Appellant, pursuant to Rules 26.2 and 37.2, that
the clerk's record did not show the jurisdiction of this court, and it gave him fifteen days to correct
the defect. On December 12, 2002, Appellant responded to this court's notice, but was unable to
demonstrate the jurisdiction of this court. Because this court has no authority to allow the late filing
of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. See Slaton v.
State, 981 S.W.2d 208 (Tex. Crim. App. 1998). 

 The appeal is dismissed for want of jurisdiction. 

Opinion delivered December 12, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.















(DO NOT PUBLISH)



1. All further rule references will be to the current version of the Texas Rules of Appellate Procedure unless
otherwise specified.
2. Rule 26.3 permits an appellate court to extend the time for filing a notice of appeal if, within fifteen days after
the deadline for filing the notice of appeal, the party files a notice of appeal in the trial court and files in the appellate
court a motion complying with Rule 10.5(b).